Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 295 | **DATE** | 2/7/2011 |
| **CASE TITLE** | Irving Ramey (#B-00964) v. Leslie Turner, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $10.42 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. The Clerk is directed to issue summonses for Defendants Leslie Turner, Christopher Harrington, Johnny Applegate, Lydia Deathrow, Tyrus Lazard, Joshua Clements, and Joel Dunmars, and the United States Marshals Service is appointed to serve them. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order.

O [For further details see text below.]    Docketing to mail notices.

# STATEMENT

    Plaintiff, presently in state custody at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, Leslie Turner, Christopher Harrington, Johnny Applegate, Lydia Deathrow, Tyrus Lazard, Joshua Clements, and Joel Dunmars, all correctional staff at Stateville Correctional Center, violated Plaintiff's constitutional rights by subjecting him to unconstitutional conditions of confinement. Plaintiff also names John Doe Plumbers as Defendants. More specifically, Plaintiff alleges that he was forced to reside in a cell with a broken sink and a broken toilet filled with human waste for a period of five days, and that he suffered injury, as a result. He alleges that he notified each of the named Defendants and asked to be moved to a different cell or to have the plumbing issues addressed. While a more fully developed record may belie Plaintiff's allegations, Defendants must respond to the complaint.

    Plaintiff's motion to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $10.42. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

**(CONTINUED)**

AWL

## STATEMENT

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act against all named Defendants for unconstitutional conditions of confinement. *See Boyd v. Lake County Jail,* 2010 U.S.Dist. LEXIS 78327 **5-6 (N.D. Ind. August 2, 2010) (Moody, J.); *citing Vinning-el v. Long*, 482 F.3d 923, 923-925 (7th Cir. 2007) and *Johnson v. Pelker*, 891 F.2d 136, 139-140 (7th Cir. 1989). As to the John Doe Plumber Defendants, Plaintiff has affirmatively pled that he was told that they do not work on weekends. As the toilet broke on a Thursday (September 9, 2010) and was, according to Plaintiff's complaint, fixed on a Monday (September 13, 2010, Plaintiff has failed to state deliberate indifference as to any possible Defendant John Doe Plumbers. Accordingly that claim is dismissed.

The Clerk shall issue summonses for service of the complaint on Defendants Leslie Turner, Christopher Harrington, Johnny Applegate, Lydia Deathrow, Tyrus Lazard, Joshua Clements, and Joel Dunmars (hereinafter, "Defendants"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.